Rout v. Ninde *et al.*

Filed March 26, 1889.

———————————

No. 13,675.

ROUT *v.* NINDE ET AL.

CHANGE OF VENUE.—*Motion for.*—*Duty of Court.*—Where, in a civil case, a motion for a change of venue from the county is made, supported by an affidavit in compliance with the statute, it is the imperative duty of the court to grant the change.

From the Adams Circuit Court.

*C. J. Lutz* and *J. W. Headington*, for appellant.
*R. S. Peterson* and *E. A. Huffman*, for appellees.

OLDS, J.—This is an action by the appellees against appellant on an account for services rendered by appellees as

attorneys for appellant. There was a trial, finding and judgment for appellees. Appellant filed a motion for a new trial, which was overruled, and exceptions reserved by appellant. The ruling of the court on the motion for a new trial is assigned as error. Before the trial, and during the pendency of the cause in the Adams Circuit Court, at the November term, 1886, the appellant moved the court for a continuance, and filed his own affidavit in support of the motion, which motion for a continuance was overruled, and appellant at the time excepted to the ruling. At the same term appellant moved the court for a change of venue from the county of Adams, which motion for a change of venue was supported by the affidavit of the appellant, and was also overruled and exceptions reserved by appellant. The rulings of the court on the motions for a change of venue and for a continuance were assigned as reasons for a new trial. It is only necessary for us to consider the question presented on the ruling of the court on the motion for a change of venue. The affidavit states that the appellant is the defendant in the cause, and that he can not have a fair and impartial trial of said cause in the county of Adams, for the reason that the plaintiffs have an undue influence over the citizens of said county. The affidavit is in compliance with the statute authorizing a change of venue in civil actions, and it was error for the court to overrule the motion for a change of venue.

The statute in force does not permit a counter-showing to be made, and it makes it imperative on the court to grant a change of venue on proper affidavit being filed. Whether the statute operates to promote or retard the dispensing of justice, or whether its provisions are wise or unwise, is not for the court to determine. It is within the power of the Legislature to enact such a law, and having done so, it is imperative on the court, in civil actions, to grant a change on proper affidavit being filed in support of the motion for a change of venue.

It is suggested by counsel in argument, that there was a

rule of court, at the time the court made the ruling on the motion, governing the time of filing affidavits for changes of venue, and that the affidavit in this case was not filed within the time allowed by such rule; but the rule is not set out in the bill of exceptions, nor does it appear in the record in any manner so as to be considered by this court.

For the error in overruling the motion for a change of venue the judgment must be reversed.

Judgment reversed, at the costs of appellees.

