THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. MARTIN.

[No. 2,201. Filed June 2, 1897.]

CHANGE OF VENUE.—*Application For.—Duty of Court.*—Where, in a civil case, an application is made for a change of venue on the ground of local prejudice, in accordance with section 416, Burns' R. S. 1894, it is the imperative duty of the court to grant the change. *p. 681.*

SAME.—*Second Application.—Statute Construed.*—Under section 417, Burns' R. S. 1894, providing that only one change of venue shall be granted to the same party, a change of venue will not be denied because of a previous refusal to grant the change, for a reason no longer existing. *p. 682.*

SAME.—*Prejudicial Error.*—Error in overruling an application for a change of venue for local prejudice against the applicant is not rendered harmless by a subsequent waiver, by such applicant, of a trial by jury. *p. 682.*

From the Washington Circuit Court. *Reversed.*

*E. C. Field, W. S. Kinnan* and *A. Elliott,* for appellant.

*J. A. Zaring* and *M. B. Hottel,* for appellee.

BLACK, J.—The appellee brought this action to recover the value of services rendered by him as a physician and surgeon for an employe of the appellant.

On the 10th of December, 1895, the cause, being at issue, was set for trial on the 17th day of the same month. On the 14th day of said month appellant moved for a change of venue from the county. The court overruled the motion, "for the reason," stated

in the ruling, as set forth in an entry copied in the transcript, "that this cause was heretofore set for trial in this court, in presence of local attorneys for both parties, and because of a published rule of court that it is too late after a cause is set for trial to apply for a change, and because the affidavit does not show that the defendant did not know, through other counsel or officers, before the cause was set for trial, that an odium exists to the prejudice of defendant."

On the 18th of December, 1895, the cause was called for trial, and the trial was entered upon before the court, without a jury. The court, having heard the evidence, took the cause under advisement until December 30, 1895.

On the 24th of December, 1895, the parties appeared, and the appellee moved to set aside the submission of the cause, and to sustain the demurrer to the complaint; and thereupon the court sustained the demurrer to the complaint and gave the appellee leave to amend.

On the 30th of December, 1895, the appellee filed an amended complaint, and the appellant, thereafter, on the same day, moved for a change of venue from the county, and filed an affidavit in support of the motion. The next day the court overruled the motion for a change of venue, and the appellant's exception to the ruling was duly saved by bill filed the same day.

On the 6th of January, 1896, the cause was continued generally. In the February term, 1896, a demurrer to the amended complaint was filed, and was overruled; and, an answer in denial having been filed, the cause was tried by the court without the intervention of a jury, in March, 1896.

We have to decide whether the court erred in overruling the appellant's second application for a change of venue.

The statute, section 416, Burns' R. S. 1894 (412, Horner's R. S. 1896), provides: "The court in term, or the judge thereof in vacation, shall change the venue in any civil action upon the application of either party, made upon affidavit showing  *  *  *  that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice."

The affidavit, filed upon the second application, purported to be made by the general attorney of the appellant, who had general charge and control of all its legal business, and had particular charge and control of the defense in this action; and he swore that he made the affidavit by appellant's authority, and at its instance and request, and on its behalf. For cause of change of venue, he swore that the appellant could not have a fair and impartial trial in this cause in the county, "for the reason that odium attaches to said defendant's cause of defense on account of local prejudice in said county."

This affidavit conformed to the requirements of the statute. The language of the statute is imperative. Where application for a change of venue is made in accordance with the statute, it is the duty of the court to grant it, and it is available error to refuse the change. *Rout* v. *Ninde*, 118 Ind. 123; *Bernhamer* v. *State*, 123 Ind. 577.

No question is made here by the appellant in relation to the refusal to grant the first application. The reason, based upon the rule of court, for overruling that application was not applicable to the second application. When the second application was made the cause was not set for trial. An amended complaint had been filed. The cause was not at issue when the second application was made. It was not then ascertained when it would be tried. It was put at issue and set for trial after the making of the second appli-

cation.  The rule and the reason for the rule did not apply.  It does not appear that any rule of court was relied upon for refusing the second application.

Reference is made by counsel for the appellee to the provision of section 417, Burns' R. S. 1894 (413, Horner's R. S. 1896), that "only one change of venue shall be granted to the same party from the county, and only one from the judge."

In the case before us, no change had been granted to either party, and the statute is not subject to the construction which the appellee seeks to put upon it. It is not contemplated thereby, that a proper application for a change shall not be granted because of the previous refusal, for a reason no longer existing, to grant a change, as in this case.

We cannot agree with counsel for the appellee that the error of the court in overruling the application for change of venue from the county was rendered harmless by the fact that the subsequent trial was, by the will and consent of the appellant, before the court, without the intervention of a jury.

The statutory right to a change from the county in any civil action applies to causes which must be tried by the court without a jury.  It has been held that it extends even to a proceeding for divorce. *Evans* v. *Evans*, 105 Ind. 204.

Where, as here, in an action in which a party has a right to a trial by jury, his application for a change of venue from the county has been improperly overruled, and he afterward waives his right to a jury and consents to a trial by the court, the error, instead of being thereby rendered harmless, would seem to be made more manifest.

We are of the opinion that the second application for a change of venue should have been sustained.

The judgment is reversed.