ST. JOSEPH MANUFACTURING COMPANY ET AL. *v.*
HUBBARD ET AL.

[No. 5,270.    Filed June 29, 1905.]

1. TRIAL. — *Master Commissioner.* — *Referee.* — *Statutes.* — The trial court's appointment of a person to report his finding of certain facts and also the evidence in the cause, is not a reference to a referee as provided by §§565-567 Burns 1901, §§556-558 R. S. 1881, but is a reference to a master commissioner under §1462 *et seq.* Burns 1901, §1397 *et seq.* R. S. 1881. p. 89.

2. APPEAL AND ERROR.—*Master's Report.—New Trial.—How Questions Presented on Appeal.*—Where a reference has been made to a master and he has reported the evidence and his findings thereon, questions relating to the evidence and its sufficiency should be included in a motion for a new trial, and the ruling on such motion assigned as error. Such questions can not be assigned as error independently on appeal. p. 90.

3. TRIAL.—*Master Commissioner.—Motion to Refer Cause Back for Further Evidence.*—A motion to refer a cause back to the master for the hearing of further evidence must show some legal reason why such evidence should be heard. p. 91.

4. SAME.—*Master Commissioner's Report.—Exceptions.*—Exceptions to the report of a master must state with particularity the errors alleged to have been committed, and if such exceptions are overruled, such questions must be saved by a proper bill of exceptions thereon. p. 92.

5. SAME. — *Master Commissioner.—Report.—Exceptions.—Duty of Court.*—A master's report of the evidence and his findings in a cause are merely advisory to the trial court, and the questions sought to be raised on such evidence or upon the report must be presented to the trial court; and the rulings of the trial court become the basis of the assignment of errors on appeal. p. 93.

6. NEW TRIAL.—*Erroneous Admission of Evidence by Master.*— The erroneous admission of evidence by the master, who hears and reports the evidence in a cause, is not a reason for a new trial.   p. 94.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Suit by Willard W. Hubbard and another against the St. Joseph Manufacturing Company and others.   From a decree for plaintiffs, defendants appeal.   *Affirmed.*

*James A. Peterson, Milton Higgins* and *George Bradshaw,* for appellants.

*Anderson, Du Shane & Crabill,* for appellees.

ROBINSON, J.—Each of the first thirty-four paragraphs of appellees' amended complaint is based upon a note executed by appellant company and owned by appellee Hubbard; the next paragraph is based upon an account against appellant company and in favor of appellee Niles; and the remaining paragraph alleges the character of the property comprising the assets of the company, that the appellant company is insolvent, that appellees own all its indebtedness, and asks for a receiver to sell the property and pay the claims.   Christian Hanson, Lawrence Nelson, Frank A. Helmer and James A. Peterson, executors of the will of Andrew Peterson, deceased, and the State Bank of Chicago, trustee named in such will, were made parties defendant, and filed answer in denial.   Appellant company filed an answer in general denial.

It was stipulated by the parties that appellants, under the general denial, might introduce any evidence they might have in denial of the averments of the complaint, and it was ordered by the court that under this stipulation the appellants might introduce such evidence as they had in denial of the material averments of the complaint; that they might have an accounting by Niles as to all receipts, expenditures, purchases, loans, credits and debts of appellant corporation, and all matters relating to the management and business of

the company while under his control and management; that appellants might introduce any evidence they had in relation to such account and transactions had by Niles while acting as secretary, treasurer and general manager of the corporation, including any evidence of mismanagement by him in the discharge of his duties as such general manager, and any loss or damage, if any, to the company or its stockholders by reason of such mismanagement; that they might introduce any evidence they had against the notes or other claims of appellees, or against allowing interest on any such claim; that they might show the statute of limitations, if desired, against any claim, the actual value of the property, and whether it be for the interests of the stockholders to meet and elect a full board of directors, who should be instructed to reorganize the company, and whether a receiver should be appointed; that appellees should have the right to rebut any testimony offered by appellants; that Niles should have the right to prove all payments made to him by the company, and all property and money received by him from or on account of the company, as the same appear on the books of the company, as if he had set forth all these items in his complaint, and might prove all the charges made against him that appear on the books of the company as fully as if in his complaint he had set forth a full itemized statement thereof.

By agreement Francis E. Lambert was appointed master commissioner to examine into all the issues, take evidence, and report to the court the indebtedness, if any, due appellees, and also state the character, kind and value of the property of the company. He was to make a full report of all the evidence heard by him, and also his rulings as to the admission and rejection of evidence, and all rulings and exceptions relating thereto.

The master commissioner, in his report filed, finds that the St. Joseph Manufacturing Company is a corporation organized and doing business under the laws of this State;

that the company is indebted to Hubbard on notes, as set forth in his complaint, in the sum of $32,216.36, for principal and interest, together with the sum of $650 attorneys' fees, making a total amount of $32,866.36 due Hubbard from the company; that the company is indebted to Niles on account for money advanced and disbursed, as set forth in the complaint, in the sum of $25,617.52; that the St. Joseph Manufacturing Company is insolvent; that the company is the owner of certain real estate, which is particularly described; that the total value of the real estate is $15,000; that the total value of the personal property, exclusive of bills and accounts receivable, belonging to the company, is $15,372.12; that the water-power is worth $4,500; that the value of the accounts and bills receivable is $4,000, and that the real estate should be sold in certain parcels, as in the report set out.

With this report the commissioner also reported the evidence heard by him, which was also filed in the circuit court. The report is dated June 24, 1903, and was filed June 29, 1903. Thereupon the appellants moved the court that the report be referred back to the master, with instructions to take further evidence of appellee Niles as to the sales, purchases, receipts, expenditures and gross profits of the company for each year he acted as secretary and manager of the company, and report in regard to the doings of the company for each year during that period, which motion was overruled and exception reserved, "and thereupon the defendants file their bill of exceptions to the report and the findings of said master commissioner, which bill of exceptions contains the evidence heard by said master commissioner, with the objections to the admission and exclusion of evidence, and the rulings of said commissioner thereon, and exceptions thereto, and is in these words;" this is followed by a transcript of the evidence taken before the commissioner, signed by him as a bill of exceptions. The next entry is: "And the court overruled said exceptions [to

which ruling appellee excepted], and the court now approves and confirms the report of said master commissioner and his findings, to which action of the court the defendants jointly and severally except." This is followed by a judgment in favor of appellees.

Afterwards appellants filed their several motion for a new trial, which was overruled, "and now the defendants file their bill of exceptions number two, which said bill of exceptions has heretofore, before the filing thereof, been duly signed by the Hon. Walter A. Funk, judge of the St. Joseph Circuit Court, and is duly filed in open court, and is in the words and figures as follows: [After title of cause.] 'Defendants' bill of exceptions in the circuit court, being bill of exceptions number two.'" This bill recites that on June 29, 1903, all the parties appearing by counsel, the master commissioner filed his report and findings, and also the evidence taken in the cause by him, and his rulings thereon, and his rulings as to the admission and rejection of evidence; that appellants moved to refer the report back to the commissioner, with certain instructions, the overruling of this motion and exceptions; that appellants excepted to the commissioner's report, which exceptions were overruled; the exception of appellants to the court's confirmation of the commissioner's report; "and thereupon the defendants filed their bill of exceptions to the report and findings of said master commissioner, which bill of exceptions contains all the evidence heard by said master commissioner, with the objections to the admission and exclusion of evidence, and rulings of said master commissioner thereon, and exceptions thereto, and was duly signed by said master commissioner and filed with him before the filing of his said report, and the court overruled said exceptions of said defendants, to which ruling of the court said defendants jointly and severally excepted. The evidence heard by said master commissioner, with the objections to the admission and exclusion of evidence, and rulings of said master com-

missioner thereon and exceptions thereto, as shown in the report of said commissioner, and which is contained in said bill of exceptions filed by said defendants, includes all the evidence heard by said master commissioner and said court in the trial of said cause. And this was all the evidence given in said cause." The bill further recites the appointment of the receiver, and exceptions: "And said defendants, jointly and severally now and here tender this their bill of exceptions, on the 22d day of September, 1903, and pray that the same may be signed, sealed and made a part of the record of said cause, which is accordingly done on this 22d day of September, 1903." This is signed by the judge of the St. Joseph Circuit Court, and is the only bill of exceptions in the transcript that is so signed. The above bill of exceptions appears to have been copied into the transcript. The precipe filed directs the clerk to insert in the transcript "the original bill of exceptions, containing the evidence and proceedings upon the trial of said cause, in lieu of a copy thereof."

The effect of the reference to the master was to require him to report his finding of certain facts, and also to report the evidence. In the original order of reference the master "is authorized, as such, to examine into all the issues arising in this cause, to take evidence thereon, and to examine all the various books and papers" of the company and make report showing the indebtedness, if any, due appellees, and in his report to state the character, kind and value of the corporate property, and how the same should be disposed of. Afterwards the order of reference was modified requiring that the master "shall make a full report of all evidence heard by him, also all his rulings as to the admission and rejection of evidence, and all rulings and exceptions relating thereto." This can not be held to be a reference to a referee under §§565-567 Burns 1901, §§556-558 R. S. 1881, but was a reference to a master commissioner under §1462 et seq. Burns 1901,

§1397 *et seq.* R. S. 1881. See *McGillis* v. *Slattery* (1875), 52 Ind. 44; *McKinney* v. *Pierce* (1854), 5 Ind. 422; *McNaught* v. *McAllister* (1884), 93 Ind. 114.

In *McGillis* v. *Slattery, supra,* by agreement submitted to a master commissioner, "who is to report the evidence and his findings at the next term of this court," the court said: "We do not think that this was, or that it can be held to be, a reference to a referee under 2 G. & H., p. 210, §349. [See §§565-567 Burns 1901.] There was no issue or issues referred to a referee to be tried, nor was there any written consent of the parties filed. But we think it was a reference to a master commissioner under the act of March 2, 1853, 1 G. & H., p. 433." See, also, §1462 *et seq.* Burns 1901. It is also held in that case that as the master was required to report the evidence, but did not, exceptions to the report should have been sustained.

So far as shown by the record, the court made no finding of its own, but adopted the finding made by the master, and upon this finding rendered judgment. The master 2. also, in compliance with the order of reference, reported the evidence. Appellant St. Joseph Manufacturing Company has assigned error as follows: (1) The claim of Niles is fraudulent and void as against public policy, and the judgment thereon in his favor is error. (2) The claim of Hubbard is fraudulent and void as against public policy, and the judgment thereon in his favor is error. (3) The evidence is insufficient to sustain the judgment in favor of Niles. (4) The evidence is insufficient to sustain the judgment in favor of Hubbard. (5) The judgment in favor of Henry G. Niles against St. Joseph Manufacturing Company is contrary to law. (6) The judgment in favor of Henry G. Niles against St. Joseph Manufacturing Company is contrary to the evidence. (7) The judgment in favor of Henry G. Niles against St. Joseph Manufacturing Company is contrary to the law and the evidence. (8) The judgment in favor of Henry G. Niles

is not supported by competent evidence. (9) The judgment in favor of William W. Hubbard against St. Joseph Manufacturing Company is contrary to law. (10) The judgment in favor of William W. Hubbard against St. Joseph Manufacturing Company is contrary to the evidence. (11) The judgment in favor of William W. Hubbard against St. Joseph Manufacturing Company is contrary to the law and the evidence. (12) The judgment in favor of William W. Hubbard is not supported by sufficient evidence. (13) The circuit court erred in refusing to order said report to be sent back to said master commissioner with instructions to take further evidence as to said company's sales, purchases, receipts, expenditures and gross profits of such company for each year said Niles acted as secretary and manager, and to report in regard to the doings and acts of the St. Joseph Manufacturing Company for each year during said period. (14) The circuit court erred in overruling the motion for a new trial. The questions sought to be presented under the first twelve specifications in the assignment of errors might be presented in a motion for a new trial, but as assignments of error they present nothing for review.

The thirteenth specification seeks to question the refusal of the court to refer the report back to the master. Whether this motion was oral or in writing does not appear.

3. However, even if the question is properly presented, there was no error in overruling the motion. Appellee Niles was examined as a witness before the master. The parties were present by counsel. The witness was examined and cross-examined at great length. No reason whatever is given for a reëxamination of the witness. It is not claimed that ample opportunity was not given for all proper investigation of all matters presented by the issues in the case. The master was directed to hear evidence upon all the issues, and it does not appear that appellants were prevented from making the examination as

thorough as they desired, or that they were denied the right to introduce any evidence which they seek to introduce under this motion. It is not shown that such an investigation would have thrown any light upon the questions at issue. The effect of the request to have the report referred back was to ask for a new trial before the master, without assigning any reason whatever therefor.

The first nine reasons for a new trial are that the master erred in admitting certain evidence, and in refusing to strike out certain evidence; the tenth, that the master erred in his findings as to the amount of recovery, the same being too large; the eleventh and twelfth, that the findings of the master are not sustained by sufficient evidence and are contrary to law; thirteenth, that the court erred in overruling appellants' objections to the master's report; fourteenth, refusal of the court to refer the report back to the master; fifteenth, that the court erred in confirming the report; sixteenth, that the assessment of the amount of recovery by the court is erroneous, being too large; seventeenth, "that the findings and judgment of the court are not sustained by sufficient evidence;" and eighteenth, "that the findings and judgment of the court are contrary to law."

When the report of the master was filed, a record entry, immediately following the report, recites that "thereupon the defendants jointly and severally except to said report and findings of said commissioner." Then follows what purports to be a bill of exceptions signed by the master, and immediately following this is the entry: "And the court overruled said exceptions, to which ruling of the court said defendants jointly and severally except; * * * and the court now approves and confirms the report of said master commissioner and his findings, to which action of the court the defendants jointly and severally except." This is followed by the judgment.

The exceptions to the "report and findings" of the master do not appear to have been in writing, and therefore are presumed to have been oral. The court was not referred to any error claimed to have been committed by the master, but the exception was general, and was to the "report and findings." Such an exception, if it could be said to be effective for any purpose, challenged every ruling adverse to appellants made by the master in hearing the evidence and in the finding. If it was thought that the master had committed error in the admission of testimony, the particular error or errors should have been brought to the attention of the trial court. The exceptions should have specified the particular matters it was desired to have the . trial court review, and, if the exceptions were overruled, such ruling should have been presented on appeal by a proper bill of exceptions. The report of the master was not made a part of the record by any order of court, nor was it incorporated in any bill of exceptions signed by the trial judge.

In *Stanton* v. *State, ex rel.* (1882), 82 Ind. 463, where, by agreement, the reference was to a master commissioner to hear and "report the evidence in said cause and his finding of facts therein to the court," and the report was not made a part of the record by bill of exceptions nor by order of court, the court said: "Under the practice, therefore, the trial of the issues is not. submitted to the master commissioner, by referring to him the cause to hear and report the evidence and the facts. The trial still remains before the court, and it is for the court to apply the law to the facts, make a finding thereon, and render judgment accordingly. The report of the commissioner is only advisory, and for the assistance of the court in coming to a conclusion, and when the evidence is reported, or required to be reported, it is not conclusive, and the court has the right to examine the facts and look into the evidence, in order to make a correct finding before ren-

dering judgment thereon, and for that purpose exceptions to the report may be filed, pointing out any errors therein contained. It will be presumed correct until the contrary is shown. * * * This report must, therefore, be considered as 'relating to collateral matters,' and not as a paper directly 'pertaining to the cause and filed therein,' and can not be made a part of the record except by bill of exceptions or order of the court. We, therefore, can not consider the report of the master commissioner, nor the exceptions or motions made in relation thereto." See, also, *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438, 481; *Lewis* v. *Godman* (1891), 129 Ind. 359; *Bremmerman* v. *Jennings* (1885), 101 Ind. 353; *McKinney* v. *Pierce* (1854), 5 Ind. 422; *Hauser* v. *Roth* (1871), 37 Ind. 89; *McNaught* v. *McAllister* (1884), 93 Ind. 114; *City of New Albany* v. *Iron Substructure Co.* (1895), 141 Ind. 500; *Lee* v. *State, ex rel.* (1882), 88 Ind. 256; *King* v. *Marsh* (1871), 37 Ind. 389.

The reasons assigned for a new trial, that the master erred in admitting certain evidence and in refusing to strike out certain evidence, are not statutory causes for a new trial. In *Lewis* v. *Godman, supra,* the court said: "The evidence in the cause was reported to the court, and it was its duty to consider the same, and either adopt such conclusions as were reached by the master, or find conclusions of its own, as the evidence required. No question as to the action of the master in the admission of evidence can be presented to this court without an opportunity afforded to the circuit court to correct the error, if any exists, in the admission of such evidence. Following the proper effort in the circuit court to correct such error, and a refusal of the court to grant the proper relief, the action of the court would be subject to review here, but the action of the master in admitting evidence on the hearing of the cause before him can not be assigned as a reason for a new trial, because, as we have seen, when the order of

reference requires him to report the evidence, the cause is ultimately tried by the court, and not by the master commissioner."

The master having complied with the order of reference by reporting to the court the evidence heard by him, and his finding of facts thereon, it was the duty of appellants, if there was error in the report, to file with the court exceptions to the report pointing out and bringing to the attention of the court the errors complained of, and present for review the rulings of the trial court thereon by a proper bill of exceptions. The record does not in any way disclose the nature of the exceptions taken in the trial court to the report filed by the master. It was not the duty of the court to search through the whole report for any supposed errors it might contain, as the report was presumed to be correct until it was shown to contain error. A general exception to the whole report was properly overruled. As the record comes to us, no question is presented for review under the motion for a new trial.

Judgment affirmed.