## FEDERAL CEMENT TILE COMPANY V. KORFF.

[No. 7,382. Filed January 24, 1912. Rehearing denied June 5, 1912.]

1. MASTER AND SERVANT.—*Assumption of Risk.—Open and Obvious Defects.—Complaint.—Negativing Assumption of Risk.*—Although an employe assumes the risk from open and obvious defects and dangers, such as would be known by the exercise of ordinary care, where the complaint in an action by an employe to recover for personal injuries avers that he did not know of such defects or dangers, such averment is sufficient, as a matter of pleading, to repel knowledge either actual or constructive. p. 612.

2. MASTER AND SERVANT.—*Injury to Servant.—Duty of Master.—Safe Materials and Appliances.*—The duty of the master to provide safe materials and appliances is a continuing one and cannot be delegated to an employe in such a manner as to relieve the master from responsibility. p. 613.

3. MASTER AND SERVANT.—*Injury to Servant.—Duty of Master.—Vice-Principal.—Materials and Appliances.*—Where it was the duty of a corporation manufacturing cement roof tile to furnish one of its employes, engaged in laying tile on a roof, with tile of sufficient strength to enable him to lay the same in the usual manner without danger to himself, the placing of the metal reinforcement in the tile while in process of manufacture was the duty of the master and the employe to whom such work was assigned, no matter what his rank or grade might be, would be a principal, and not a fellow servant so as to exempt the master from liability. p. 613.

4. VENUE.—*Change of Venue.—Court Rule.—Motion.—Sufficiency.*—Where a rule of court required that application for change of venue must be made at least three days before the case is set

for trial, except when the reason for the change is not known within the time specified, a motion and affidavit setting out one of the causes provided by statute and stating that defendant did not know of the existence of said cause until the day preceding the day of trial and that as soon as defendant was informed thereof the motion and affidavit were made, was sufficient to relieve the applicant of such rule.   p. 613.

5.   VENUE.—*Change of Venue.—Rule of Court.—Operation and Effect.*—A rule of court may regulate the manner and time of making an application for a change of venue, but, the right to a change being statutory, a rule of court cannot abrogate the same or prevent its exercise.   p. 614.

6.   VENUE.—*Change of Venue.—Rule of Court.—Cause for Change Discovered After Time Fixed for Making Application.*—Where a party has knowledge of the facts on which the right to a change of venue is predicated in time to comply with a rule of court regulating the time of applying therefor, a failure to apply within the time fixed is deemed a waiver of the right, but the right is not waived where the facts are unknown to the party within the time so fixed.   p. 615.

7.   VENUE.—*Change of Venue.—Motion.—Diligence.*—An applicant for a change of venue cannot be required to show that he was diligent in his efforts to ascertain within the time fixed by rule of court if conditions existed affecting his right to a fair and impartial trial.   p. 615.

8.   VENUE.—*Change of Venue.—Statute.*—The statute, §422 Burns 1908, §412 R. S. 1881, imperatively requires the court to grant a change of venue in civil actions, where the application is in conformity with the provisions thereof.   p. 615.

9.   APPEAL.—*Review.—Harmless Error.—Denying Application for Change of Venue.*—Where an application for a change of venue was erroneously denied because not filed within the time fixed by a rule of court, and the trial of the cause resulted in a mistrial, and no application for a change of venue was made after such mistrial and before a second trial of the cause, the error was harmless.   p. 616.

10.   EVIDENCE.—*Judicial Notice.—Terms of Court.*—The court judicially knows that a full term of the Lake Superior Court intervened between the trial of a cause on June 12, 1908, and a second trial thereof on December 2, 1908.   p. 616.

11.   APPEAL. — *Review. — Verdict. — Answers to Interrogatories.* — Where there is no irreconcilable conflict between the answers to interrogatories and the general verdict, the verdict will stand.   p. 616.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Walter Korff against the Federal Cement Tile Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William J. Whinery,* for appellant.
*F. N. Gavit* and *J. E. Westfall,* for appellee.

ADAMS, J.—Action by appellee against appellant for damages on account of personal injuries alleged to have been sustained by appellee while in the employ of the appellant, and through its negligence.

Appellee was employed by appellant as a workman in laying tile on a certain roof, and while acting in the course of his said employment he was required to go on the roof and lay cement tile thereon. The roof was not solid or firm, but consisted of iron girders laid four feet apart, on which appellee was required to lay said tile, and before the placing of such tile thereon, there was no other material on said roof, except said iron girders, which were so placed that a space of four feet between each girder was left uncovered. The tile which appellee was engaged in laying were each seven eighths of an inch in thickness, two feet in width and four feet in length, and were constructed of cement or concrete set upon and built over a wire netting, placed therein to add strength to the same. In the laying of said tile, appellee was required to and did, when any tile was laid in said roof, stand upon the same while laying other and additional tile thereon.

The complaint charges appellant with negligence as follows: "That defendant carelessly and negligently furnished plaintiff, for use on said roof, a certain tile of the dimensions above given, which had no wire netting or screen or wire of any kind in the same; that said tile without such wire therein was too weak to sustain the weight of a man thereon; that the absence of such wire in said tile was well known to the defendant and unknown to the plaintiff; that plaintiff could not have discovered the absence of such wire

in said tile by reasonable inspection at any time before said injury; that on the 16th day of October, 1907, plaintiff was engaged in laying tile on said roof, and did lay said tile which did not contain any wire upon said roof, and in the course of his said employment did stand upon said defective tile, for the purpose of laying other tile upon said roof, and while so standing upon the same, the said tile, because of the absence of such wire therein, was too weak to sustain plaintiff's weight, and did break and permit plaintiff's body to fall through the same, and the hole made thereby in said roof, and to fall to the floor of the building underneath said roof, a distance of twenty-five feet."

The complaint concludes by detailing the nature and extent of the injuries sustained by appellee, and the damages resulting from said injuries.

A motion for a change of venue from Lake county, supported by affidavit, was filed by appellant, and denied by the court, on the ground that the same was not filed within the time provided by rule ten of the Lake Superior Court. Appellant thereupon asked leave to file an amended affidavit in support of its motion for a change of venue, which the court also refused. Exceptions were duly taken to each of these rulings. A demurrer to the complaint for want of sufficient facts was then filed, which demurrer was overruled, and the cause put at issue by answer in general denial. Trial by jury, and general verdict for appellee in the sum of $700.

Answers to interrogatories were returned with the general verdict, and appellant moved for judgment in its favor on such answers to interrogatories, notwithstanding the general verdict. This motion, together with the motion for a new trial, was overruled, and judgment rendered on the verdict.

Errors assigned and relied on call in question the action of the trial court in overruling the demurrer to the complaint, the motion for judgment on the answers to the interrogatories, and the motion for a new trial.

It is urged that the complaint does not state a cause of action, in that there is no averment that appellee did not have knowledge of the defect in the tile prior to his injury and that the dangers being shown to be open and obvious, appellee must be considered as having assumed all risks incident to his employment.

It will be observed that the particular negligence charged in the complaint, and on which appellee bases his right to recover, is the failure of appellant to furnish him 1. safe material with which to work. Appellant had furnished a defective tile, one which did not have moulded into it any metal reënforcement, and was therefore too weak to sustain the weight of a man thereon. In the prosecution of his work, it was necessary for appellee to stand on this defective tile, while laying other tile. "That the absence of such wire in such tile was well known to the defendant, and unknown to the plaintiff." While it is true that an employe assumes the risk from open and obvious defects and dangers, such as would be known by the exercise of ordinary care, yet as a matter of pleading, an averment that he did not know of such defects or danger is sufficient not only to rebut or repel actual knowledge, but also implied or constructive knowledge. *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1, 7, 67 N. E. 530; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300, 53 N. E. 235; *Louisville, etc., R. Co.* v. *Miller* (1895), 140 Ind. 685, 686, 40 N. E. 116; *Chicago, etc., R. Co.* v. *Richards* (1901), 28 Ind. App. 46, 55, 61 N. E. 18; *Columbian Enameling, etc., Co.* v. *Burke* (1906), 37 Ind. App. 518, 521, 77 N. E. 409, 117 Am. St. 337. We think the complaint states a cause of action, and there was no error in overruling the demurrer thereto.

It is next insisted that, as shown by the evidence, the tile was manufactured by appellant, and the omission of the metal reënforcement from the particular tile which caused the injury was the act of a fellow servant of appellee, em-

ployed by appellant in the same general enterprise. There
is no merit in this contention. It is the duty of the
master to provide safe materials and appliances, and
that duty is a continuing one, and one which appel-
lant could not delegate to an employe in such a manner as
to relieve it from responsibility. It was the duty of
the master in this instance to provide appellee with
roof tile of sufficient strength to enable him to lay
the same in the usual manner, and without danger to him-
self. Appellant being a corporation, this duty was of neces-
sity delegated to some natural person or persons, but the
placing of the metal reënforcement in the cement tile, while
in process of manufacture, was the duty of the master. The
employe to whom such work was assigned, no matter what
his rank or **grade** might be, would be a principal, and not a
fellow servant, as to exempt the master from liability.
*Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 18, 40 N. E.
128; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647,
654, 39 N. E. 912; *Louisville, etc., R. Co.* v. *Berkey* (1894),
136 Ind. 181, 190, 35 N. E. 3; *Indiana Car Co.* v. *Parker*
(1885), 100 Ind. 181, 191, and cases cited.

One of the causes assigned for a new trial was that the
court erred in refusing to grant a change of venue on the
motion of appellant, supported by affidavit of the at-
torney for appellant, made for and on behalf of ap-
pellant, at its request and by its authority. The
affidavit sets out one of the causes provided by statute for
change of venue, and also states "that said defendant did
not know of said local prejudice existing against said de-
fendant's defense to said cause of action, until the 6th day
of February, 1908; that as soon as defendant was informed
of the conditions and facts relative to the defense in said
cause as aforesaid, it instructed affiant as its attorney in
said cause to take the necessary steps to secure for it a
change of venue from said Lake County." The court re-
fused to grant the change of venue, on the ground that the

same was not filed within the time provided by rule number ten of the Lake Superior Court. Appellant then asked leave to amend said affidavit, to which appellee objected, and appellant thereupon tendered an amended affidavit for change of venue from the county, which the court refused to receive or permit appellant to file. To each of which rulings appellant excepted, and was given time to prepare and file a special bill of exceptions.

It appears from this bill of exceptions that rule ten of the said court provides that application for a change of venue from the county must be made at least three days before the case is set for trial, except when the reason for the change is not known within the time specified. The motion must be made as soon as possible after such reasons have become known to the applicant, and this must be shown by affidavit setting forth such reasons in full. It also appears that the case was originally set for trial on February 7, the same day on which the motion for a change of venue was made, but that by reason of the great number of cases set and undisposed of there was no possibility of reaching the trial of this case for several weeks.

The amended affidavit is substantially the same as the original, except the reasons for appellant's failure to file the affidavit within the time provided by the rule are shown in greater detail. We think the original affidavit was sufficient, and that the court erred in refusing to grant the change of venue as therein prayed. The affidavit sets out a statutory cause for a change of venue, and states facts clearly relieving appellant of the rule of court. The right of a party to a change of venue in civil actions is given by statute for certain enumerated causes, at least one of which must be shown by affidavit. §422 Burns 1908, §412 R. S. 1881.

5. A rule of court may regulate the manner and time of making the application, but such rule cannot abrogate the right or prevent its exercise. A statu-

tory right cannot be made to yield to a rule of court. Parties are required to take notice of the rules of court, and where there is knowledge of the facts on which the right to a change of venue is predicated, in time to comply with the rule, failure to make application within the time will be deemed to be a waiver of the right. But where the facts are unknown to a party within the time fixed by the rule for making the application, such party will not be deemed to have waived the right. *Ogle* v. *Edwards* (1893), 133 Ind. 358, 33 N. E. 95; *Bernhamer* v. *State* (1890), 123 Ind. 577, 24 N. E. 509; *Rout* v. *Ninde* (1889), 118 Ind. 123, 20 N. E. 704; *Moore* v. *Sargent* (1887), 112 Ind. 484, 14 N. E. 466; *Shoemaker* v. *Smith* (1881), 74 Ind. 71; *Krutz* v. *Howard* (1880), 70 Ind. 174.

A motion for a change of venue, supported by affidavit, filed after the time fixed by rule of court, cannot be denied, where the affidavit shows that knowledge of the facts on which the application for the change is based was not acquired until after the expiration of the time designated by the rule. Nor can the applicant for a change be required to show that he was diligent in his efforts to ascertain within the time fixed by the rule if conditions existed affecting his right to a fair and impartial trial. *Spencer* v. *Spencer* (1894), 136 Ind. 414, 416, 417, 36 N. E. 210.

The statute imperatively requires the court to grant a change of venue in civil actions, where the application is made in conformity with the provisions thereof. The affidavit in this case conformed to the requirements of the statute. *Louisville, etc., R. Co.* v. *Martin* (1897), 17 Ind. App. 679, 681, 47 N. E. 394.

The recent case of *Advance Veneer, etc., Co.* v. *Hornaday* (1911), 49 Ind. App. 83, 96 N. E. 784, is not in conflict with the rule herein declared. That was a case in which the parties had full knowledge of the facts entitling them to a change of venue, but claimed to have no knowledge of the rule of

court. In this opinion, it is expressly held that parties are required to take notice of the rules of court in which their actions are pending.

But notwithstanding the error of the court in denying the motion for a change of venue from the county, we think the error was harmless. The cause was tried by a jury, beginning on June 12, 1908, and resulted in a disagreement. No further motion was made by appellant for a change of venue. The cause was again tried, beginning on December 2, 1908, and from a judgment rendered on the verdict in favor of appellee, this appeal was taken.

We judicially know that a full term of the Lake Superior Court intervened between the first and second trials, and there was ample opportunity for appellant to ask for a change of venue from the county, had it still desired such change. It will be noted that the motion for a change was denied, on the ground that the same was not made within the time provided by the rules of court. After the mistrial, no rule of court interfered, and appellant might, by filing a formal affidavit, setting up a single statutory cause, have been granted a change of venue from the county. From the fact that no further effort was made to remove the cause, we must conclude that appellant was satisfied to submit the same to a jury of Lake county, and that the error of the court, made prior to the February trial, did not prejudice appellant as to its subsequent rights. An erroneous ruling on a motion for a change of venue should be harmful, to justify a reversal. *Goodwin* v. *Bentley* (1903), 30 Ind. App. 477, 481, 66 N. E. 496.

Appellant further predicates error on the action of the court in overruling its motion for judgment on the answers to the interrogatories, notwithstanding the general verdict. With its general verdict, the jury returned answers to 119 interrogatories, covering fully the facts in the case. It would unduly extend this opinion to

consider these matters in detail. It is sufficient to say that no irreconcilable conflict is shown between the answers to the interrogatories and the general verdict.

The judgment is affirmed.

NOTE.—Reported in 97 N. E. 185. See, also, under (1) 26 Cyc. 1397; (2) 26 Cyc. 1104; (3) 26 Cyc. 1318; (4) 40 Cyc. 150; (5) 40 Cyc. 147; 11 Cyc. 742; (6) 40 Cyc. 124, 147; (7) 40 Cyc. 157; (8) 40 Cyc. 167. As to knowledge of the danger as basis of the assumption of risk rule, see 131 Am. St. 437. As to the duty of an employer to furnish safe appliances and places, see 33 Am. St. 746; *Brazil Block Coal Co.* v. *Gibson* (Ind.), 98 Am. St. 289. As to servant's assumption of obvious risks of hazardous employment, see 1 L. R. A. (N. S.) 272. For assumption of risk of dangers created by the master's negligence, which might have been discovered by the exercise of ordinary care on the part of the servant, see 28 L. R. A. (N. S.) 1250. On the question of vice-principalship considered with reference to rank of superior servant, see 51 L. R. A. 513. And for vice-principalship as determined with reference to character of act causing injury, see 54 L. R. A. 37.