McClain *v.* Steele—59 Ind. App. 657.

## McClain *v.* Steele.

[No. 8,664.   Filed October 14, 1915.]

1. Venue.—*Change of Venue.—Statutes.*—The statutory provision for a change of venue in a civil cause upon proper application therefor is imperative, and a denial of a change of venue under such circumstances is reversible error. p. 659.

2. Venue.—*Refusal of Change.—Presenting Question on Appeal.*— In order to predicate error on the ruling on an application for a change of venue, the same must be properly assigned as a ground in the motion for a new trial. p. 660.

3. New Trial.—*Grounds.—Refusal of Change of Venue.—Error of Probate Commissioner.*—A motion for a new trial alleging that the probate commissioner, to whom the cause had been referred by the circuit court for trial and finding, erred in overruling defendant's motion for a change of venue, does not present the question of whether the trial court erred in the overruling of such motion. p. 660.

4. Appeal.—*Review.—Overruling Motion for New Trial.*—Where the specifications in a motion for new trial were such as to present no questions for review, there was no error in the overruling of same. p. 660.

From Gibson Circuit Court; *Herdis F. Clements,* Judge.

Action by Charles A. Steele against Silas McClain. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William E. Henderson, Charles B. Clarke* and *Walter C. Clarke,* for appellant.

*James B. Gamble,* for appellee.

Moran, J.—The only question before the court for consideration is, Was appellant erroneously deprived of a change

of venue from Gibson County where this suit was originally filed? On April 4, 1912, appellee filed a complaint in the Gibson Circuit Court against appellant, to recover an indebtedness which he alleged was due him from appellant, and to have a deed of conveyance held by him from appellant on certain real estate in Gibson County, Indiana, to secure the indebtedness, declared a mortgage; that the same be foreclosed and a receiver be appointed to take charge of the real estate during the pendency of the suit. On April 14, 1912, appellee filed a second paragraph of complaint, which as to the relief demanded does not differ from the first paragraph, and on April 15, 1912, a receiver was appointed. On May 27, 1912, appellant answered the complaint by general denial, and on June 1, 1912, the cause was ordered referred to the probate commissioner of the Gibson Circuit Court for trial and finding. On June 5, 1912, the cause was recalled from the probate commissioner and appellant filed a cross-complaint and two affirmative paragraphs of answer to the complaint. By the cross-complaint and the third paragraph of answer, appellee sought an accounting between himself and appellant; the issues were closed by an answer in one paragraph to the cross-complaint and a reply in general denial to the affirmative paragraphs of answer, thereupon the cause was again referred to the probate commissioner. On September 13, 1912, upon application of appellant, a *nunc pro tunc* entry was entered of record showing that on June 18, 1912, more than three days before the trial of said cause, appellant filed his application supported by affidavit for a change of venue from Gibson County. No ruling was had upon the application for a change of venue. On August 28, 1912, appellant through his counsel entered a special appearance before the probate commissioner and moved to remand the cause to the Gibson Circuit Court, for the want of jurisdiction in the probate commissioner, by reason of there being on file in the Gibson Circuit Court an application for a

change of venue from the county, which had not been ruled on. This motion was overruled, to which appellant excepted. On September 14, 1912, the probate commissioner filed his report, showing that there was due appellee from appellant $2,746.49. The report further discloses that a trial was had before the probate commissioner including the argument of counsel, to which report appellant objected, on the grounds that the probate commissioner had no jurisdiction by reason of the application for a change of venue from the county, as aforesaid. Appellant moved for a new trial before the probate commissioner, which motion the probate commissioner refused to receive and file in the cause. On September 24, 1912, the court examined the report of the probate commissioner and found for appellee on both paragraphs of his complaint, adopting as his findings the report of the probate commissioner, upon which judgment was rendered. On November 22, 1912, appellant filed a motion for a new trial; that part of which is necessary to present the question under consideration is: "1. The probate commissioner erred in overruling defendant's motion for a change of venue in this cause. 2. The probate commissioner erred in assuming jurisdiction of this cause while an affidavit for a change of venue of this cause from Gibson County, Indiana, was on file and pending in this cause." These causes for a new trial appellant in his brief contends come within the first subdivision of the statute for a new trial, viz., irregularity in the proceedings of the court, jury or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial.

The language of the statute with reference to the granting of a change of venue in a civil cause is that the court in term, or the judge thereof in vacation, shall change the venue, upon the application of either party, made upon affidavit, showing one or more of the causes enumerated in the statute. The language of the statute is

imperative, as it is made the duty of the court to grant the change of venue when proper steps have been taken by the litigant, and under such circumstances, it is available error to refuse the application. *Louisville, etc., R. Co. v. Martin* (1897), 17 Ind. App. 679, 47 N. E. 394; *Rout v. Ninde* (1889), 118 Ind. 123, 20 N. E. 704. In order to

2. predicate error on the ruling on an application for a change of venue, the same must be properly assigned as a cause for a new trial. *Southern R. Co. v. Sittasen* (1906), 166 Ind. 257, 76 N. E. 973; *Mannix v. State, ex rel.* (1888), 115 Ind. 245, 17 N. E. 565; *Scanlin v. Stewart* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401; *Wilson v. Johnson* (1896), 145 Ind. 40, 38 N. E. 38, 43 N. E. 930; *Goodrich v. Stangland* (1900), 155 Ind. 279, 58 N. E. 148.

By the causes assigned for a new trial, appellant does not complain of the conduct of the trial court in refusing him a change of venue; the complaint is made of

3. the probate commissioner in this behalf. With the record in this shape, the motion for a new trial does not present the question sought to be raised on appeal. *St. Joseph Mfg. Co. v. Hubbard* (1905), 36 Ind. App. 84, 75 N. E. 17. Appellant after he filed his application for a change of venue from the county, appeared before the probate commissioner before whom the evidence in the cause was taken, without first insisting on the court ruling on the motion for a change of venue. Now as to whether his conduct in this particular constituted a waiver on his part as to any error that might be based thereon, we need not decide, in view of the conclusions we have reached as to the sufficiency of the motion for a new trial. By

4. reason of the infirmities in the motion for a new trial, no error was committed by the trial court in overruling the same. Judgment affirmed.

NOTE.—Reported in 109 N. E. 793. As to change of venue, see 74 Am. Dec. 241. See, also, under (1) 40 Cyc. 117; (2) 3 C. J. 973; 29 Cyc. 752; (4) 29 Cyc. 942.