### HAY *v.* REED.

[No. 14,143. Filed December 18, 1931.]

*Colerick, Jackson & Parrish* and *Wilmer T. Fox,* for appellant.

*L. A. Douglass* and *H. W. Phipps,* for appellee.

CURTIS, J.—This is a civil action, in which the appellee sought to recover damages for personal injuries alleged to have been sustained by him by reason of having been struck by the appellant's automobile. The complaint was in one paragraph, to which the appellant filed an answer in two paragraphs. The appellee filed a reply in general denial to the second paragraph of the answer. There was a trial by jury and a verdict of $1,800 ren-

dered against the appellant, upon which the court entered judgment in accordance therewith. Appellant filed a motion for a new trial, which was overruled, hence this appeal.

The motion for a new trial is as follows: (1) "The court erred in refusing to grant appellant a change of venue. (2) The verdict of the jury is contrary to law. (3) The damages assessed by the jury are excessive."

We will first take up the alleged error of the court in refusing to grant the appellant a change of venue from the county. The record discloses that an affidavit for a change of venue, with a written application for such change forming a part thereof, was presented to the trial judge before the jury was sworn to try the cause. The jury had been sworn on their *voir dire* but had not yet been sworn to try the case previous to the time the said affidavit and application were presented to the judge. The affidavit and application are as follows:

"State of Indiana,        In the Clark Circuit Court
"County of Clark: ss.     To April Term . . . . . 1930.
"Andrew A. Reed, ·
    vs.
"Susan Hay.

   "Affidavit for Change of Venue from County.

"Susan Hay, being duly sworn says that she is the defendant in the above entitled cause and that she can not have a fair and impartial trial thereof in the County of Clark, for the reason that the plaintiff has an undue influence over the citizens of said County.

"Affiant further says that she made this affidavit at the first opportunity after having learned of said undue influence.

"Wherefore, affiant asks that the venue of said cause be changed to some other County.

                    "Susan M. Hay,
                      "Defendant.

"Subscribed and sworn to before me this 1 day of May, 1930.

"Charles V. Babb,
"Clerk Clark Circuit Court."

There can be no doubt but that the trial had not yet begun when the said affidavit and application contained therein were presented to the judge. A jury trial does not begin until the jury is sworn to try the case. While a change of venue must be demanded before the trial is commenced, the swearing of the jury to try the case and not the announcement of "ready for trial" by the parties or their attorneys fixes the commencement of a jury trial. In the instant case, the parties had announced in open court through their attorney that they were ready for trial, but, until the jury had been sworn to try the case, the trial had not yet commenced. *Hunnel* v. *State* (1882), 86 Ind. 431; *National Bank and Loan Co.* v. *Dunn* (1886), 106 Ind. 110, 6 N. E. 131.

It is not contended by the appellee, and it cannot well be contended, that there was any defect in either the form or substance of the affidavit and application under consideration, but it is earnestly contended by the appellee that said affidavit and application were not filed, but were only offered to be filed, and, in support of this contention, the appellee relies upon the entry made at the time, which is as follows: "Come again the parties by counsel and after having announced 'ready for trial,' the defendant offers to file an affidavit for a change of venue from the county, which affidavit reads thus: (Here follows the affidavit and application heretofore set out in this opinion.) And the court having examined the same and being sufficiently advised therein now overrules the same to which ruling and decision of the court the defendant at the time excepts." The appellee further contends

that the affidavit for change of venue is not a part of the record herein; that it was offered but never filed; that the *praecipe* to the clerk, omitting the caption, recites: "You are hereby directed to prepare a transcript of the record of all the proceedings in the above-entitled cause and to include therein all papers and pleadings filed and on file, the order-book entries of all orders and rulings and the final judgment in the above entitled cause and certify the same, to be used on appeal to the Appellate Court, in the State of Indiana." The clerk made the usual certificate "that the above and foregoing transcript contains full, true and correct copies, or originals, of all papers and entries in said cause required by the above and foregoing praecipe." The transcript included the affidavit and application in question, and showed the entry made by the court in respect thereto, heretofore set out. We are not warranted in concluding that the clerk made a false certificate.

Where a proper affidavit for a change of venue from the county is made in a civil case, and a proper application is made at the proper time, the court has no discretion in the matter, but must grant the change, and to refuse to grant it is reversible error. §1043 Watson's Revision of Works Practice and Forms; *Rout* v. *Ninde* (1889), 118 Ind. 123, 20 N. E. 704; *McClain* v. *Steele* (1915), 59 Ind. App. 657, 109 N. E. 793; *Federal Cement Tile Co.* v. *Korff* (1912), 50 Ind. App. 608, 97 N. E. 185.

It is not necessary for us to discuss in this opinion the effect of a rule of court in respect to changes of venue. No such rule is shown or even mentioned in the instant case. It is needless to cite authorities to the effect that this court does not take judicial notice of the local rules of the court appealed from.

The record before us discloses that the trial court had before it the said affidavit and application for a change

of venue from the county, and to quote again: "And the court having examined the same and being sufficiently advised therein now overrules the same." The statute for a change of venue from the county (§442 Burns 1926), in so far as applicable here, is as follows: "The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: . . Third. That the opposite party has an undue influence over the citizens of the county," etc. We also set out the seventh ground in the section as follows: "Seventh. When either party *shall make and file* (our italics) an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending." From a careful reading of the above statute, it is to be observed that the seventh ground above quoted requires the party to make and file an affidavit, while none of the other grounds does more than to require an "application of either party, made upon affidavit," etc. It would seem that, since the word "file" contained in the seventh ground is not contained in the other six grounds, there might be room for a difference in the technical requirements as to the time of filing under the first six and the seventh grounds. The certificate of the clerk is to the effect that the affidavit in this case was filed upon the same day that the court made the entry hereinbefore set out. It is to be noted that what is referred to in the instant case as the affidavit for a change of venue contains not only the necessary affidavit but that it also contains a written application for a change in the following words: "Wherefore affiant asks that the venue of said cause be changed to some other county." We are, therefore, not called upon in this case to discuss the question as to whether or not the application for a change of venue from the county must be in

writing or whether it would be sufficient if made orally, "upon affidavit," etc.; or whether or not an affidavit in itself is a sufficient application. The better practice, no doubt, is to make the application in the form of a motion, which may be combined, as in the instant case, with the affidavit. See 1 Watson, Revision of Works' Practice and Forms §1037, and cases cited thereunder.

Taking the record as it is presented to us, we conclude that the trial court had before it a written application of appellant for a change of venue from the county, made upon affidavit showing one of the statutory causes for such change; that the trial had not at that time commenced; that the affidavit and application were sufficient in form and substance; that the court necessarily passed upon the right of the appellant to such change of venue and refused the same; that this was reversible error; that the appellant, at the time, also offered to file the affidavit in question and that the record discloses that it was filed. For the error in refusing to grant the appellant the change of venue applied for, the judgment is reversed, with instructions to sustain appellant's motion for a new trial and to grant the change of venue applied for by the appellant. The other errors assigned need not be discussed.

Judgment reversed.