STATE EX REL. BURDGE *v*. CUMMINGS.
[No. 26,563.   Filed May 22, 1935.]

*Walter F. Wood,* for appellant.

*J. W. Lindley* and *Ernest E. Cummings,* for appellee.

TREMAIN, J.—On the 15th day of February, 1935, George L. Hinton filed an action in the Sullivan Circuit Court, No. 26474, to foreclose a miner's lien against James Burdge and others; March 9th a change of venue was taken from the regular judge by plaintiff and on March 11th the respondent herein, Ernest E. Cummings, was appointed special judge by agreement of the parties; Cummings accepted the appointment and qualified, and, thereafter, on April 8th the relator herein, one of the defendants in the lower court, filed a motion and affidavit for a change of venue from the county, which was overruled by the court upon the ground that the motion was insufficient and not timely made; April 9th the court entered a rule against the defendants to answer the complaint on or before April 15th, with which they did not comply, but on April 19th the relator herein and defendant below filed another motion and affidavit for a change of venue from the county, both of which are in due form, which motion was overruled by the court. On account of said ruling the relator has filed this action against the respondent, Ernest E. Cummings, special judge, praying for an alternative writ of mandate and an order directing said respondent to set aside said ruling and to grant a change of venue from the county.

The respondent for return to the relator's petition herein says that the petition should be denied for the following reasons:

(1) That there will be no issue of fact to try in an adjoining county;

(2) That the issues were not closed;

(3) That it is the second application made by the same party for a change;

(4) That since the parties to the action, upon change of venue from the regular judge, agreed upon the respondent as special judge, the relator is precluded from taking a change of venue from the county; and

(5) That under the statute a party is not entitled to a change of venue from the county in an equity case.

Upon the first assignment there is no showing by respondent that there will be no issue of fact to be tried. Such assignment can not be regarded as raising any question of law.

The second reason given is that the issues were not closed at the time the motion for a change of venue from the county was filed. This is no reason for not granting the change. Sec. 2-1408, Burns 1933, §192, Baldwin's 1934, provides that whenever a change of venue has been taken from the county in any civil action pending in a court in a county having three or more adjoining counties, if the parties shall agree in three days upon a county to which the venue shall be changed, "it shall be the duty of the court to send, transfer and venue such action to such county." In the absence of such agreement the court shall submit the names of the adjoining counties and each party shall strike until one county remains to which the cause shall be sent. Prior to the enactment of this statute the Supreme Court held that the trial court had the authority to withhold passing upon a motion for a change of venue from the county until the issues were closed. There was nothing in the previous statutes to prevent the trial court from granting the change immediately even though the issues were not closed. Under the statute just cited it appears that when a motion and affidavit,

in due form, are filed for a change of venue from the county, it is the imperative duty of the court to grant the change. Nothing remains to be done except to either send the cause to the county agreed upon by the parties or submit a list of the adjoining counties, and to send the cause to the county remaining after the other counties have been stricken off by the parties. Whether or not the issues were closed at the time the motion and affidavit were filed is of no importance.

The respondent's third reason for denying the change from the county is that it is the second application made by the same party. In the response to the alternative writ it is stated that the first application for a change of venue was denied for the reason that it was not in legal form and did not state one of the statutory grounds for a change. Sec. 2-1407, Burns 1933, §191, Baldwin's 1934, provides that only one change of venue shall be granted to the same party from the county, and only one from the judge. Under this section it is held that each party to an action shall be entitled to one change from the county and one change from the judge. The relator has not been granted a change of venue from the county. The fact that the first change from the county had been denied him is no reason for holding that he is not entitled to a change. The statute is imperative and it is the duty of the court to grant the change where, as in this case, the motion and affidavit are in due form. *Louisville, New Albany and Chicago Railway Co.* v. *Martin* (1897), 17 Ind. App. 679, 47 N. E. 394.

The respondent's fourth reason for not granting the change is equally unavailing. Ordinarily, if parties make an agreement in open court to do or not to do a thing, such agreement is binding. When the respondent was selected as special judge, such se-

lection was by agreement of the parties after a change of venue had been taken from the regular judge. Sec. 2-1409, Burns 1933, §207, Baldwin's 1934, provides, in such cases, that the special judge may be selected by agreement of the parties or three competent and disinterested persons shall be nominated by the trial court from which one is selected. It is not a question of one of the parties to the agreement asking for a change from the judge agreed upon, but it is a question of a change of venue from the county. Even if the party should be precluded from taking a change from the special judge on account of such agreement, it does not follow that the party does not have a right to a change of venue from the county. No agreement was made upon that subject. After a special judge had been selected by agreement it might be ascertained that a good and valid reason existed for a change of venue from the county.

Respondent's last contention is that the change from the county should not be granted because the pending case is an equity suit, triable by the court, and not by jury. The courts have held that a party is entitled to his change in such case. See *Evans* v. *Evans* (1886), 105 Ind. 204, 5 N. E. 24, 5 N. E. 768; *McClain* v. *Steele* (1915), 59 Ind. App. 657, 109 N. E. 793.

Upon the facts appearing in the relator's petition and the return of the respondent thereto, this court is of the opinion that the respondent erred in not granting to the relator a change of venue from the county. Therefore the respondent, the Hon. Ernest E. Cummings, special judge of the Sullivan Circuit Court, is hereby directed to grant relator's application for a change of venue from the county, and the alternative writ heretofore issued is made absolute.