STATE EX REL. BAKER ET AL. *v.* ADAMS CIRCUIT COURT ET AL.

[No. 28,659. Filed April 14, 1950.]

*Voglewede & Anderson;* and *David A. Macklin,* all of Decatur, for relators.

*Chris H. Muselman, pro se,* for respondents.

STARR, J.—This is an original action wherein the relators seek to mandate the respondents to grant a change of venue from the county in a certain cause now pending before said respondent court entitled "Kocher Lumber Company v. John E. Meyer, et al." which 'is cause No. 19379 in said court. Said petition also requests that the said respondent judge be ordered to expunge all entries made in said cause after the

application for change of venue from the county was filed.

The pertinent portions of the record in the above entitled case disclose that on August 5, 1949, the said Kocher Lumber Company filed its complaint in the Adams Circuit Court against John E. Meyer and others to foreclose a mechanic's lien, naming among other defendants the relators herein. That the relators each filed answer to the complaint of the said Kocher Lumber Company and also a cross-complaint making certain of the defendants cross-defendants thereto. That each of said cross-complaints is now pending in said cause. That in due course the respondent Muselman was selected and thereupon qualified to act as special judge to try said cause. That thereafter, on March 18, 1950, the relators Engle and Kiess duly filed their affidavit for a change of venue from the county in said cause; that on the 20th day of March, 1950, the respondent judge continued to assume jurisdiction of said cause by permitting the said Kocher Lumber Company to file its amended complaint therein, and finally on the 21st day of March, 1950, the said respondent judge purported to grant a change of venue from the county to the relators Engle and Kiess only.

Upon a proper affidavit being filed for a change of venue from the county within time for filing of the same the court is divested of jurisdiction to take any further steps except to grant the change. *State ex rel. Burdge* v. *Cummings* (1935), 208 Ind. 292, 195 N. E. 879; 2 Lowe's Rev., *Works' Indiana Practice,* §§ 30.14 and 30.15. The only exception we know to this rule is that after such application for change of venue has been filed the court may make an interlocutory order in a matter ancil-

lary to the main action such as the appointment of a receiver, *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 6 N. E. 2d 953, or the allowance of support in a divorce action. *Pry* v. *Pry* (1947), 225 Ind. 458, 75 N. E. 2d 909.

Respondent court has no jurisdiction to make any further orders in said cause by way of making up issues therein. *State ex rel. Burdge* v. *Cummings, supra.*

Furthermore, when the application for change of venue was made it should have been granted for the entire case and all the parties as this application operated for all of them. 2 Lowe's Rev., *Works' Indiana Practice,* § 30.16.

The respondent Muselman has attempted to justify his action herein by alleging by way of response that there was no copy of the application for the change of venue served upon the opposing counsel. He claims this was necessary under Rule 1-12 of this court. This response is frivolous. What is said in that rule as to the service of a copy of the application for a change has only to do with an application for a change of judge.

Upon the facts appearing in relators' petition and the return of the respondents thereto this court is of the opinion that the respondent judge herein in not granting to the relators a change of venue from the county of the entire case was in error and that he had no jurisdiction after the application for change of venue was filed to make any further orders in said cause. Therefore, the respondent, the Honorable Chris H. Muselman, Special Judge of the Adams Circuit Court, is hereby directed to grant relators, Hugh Engle and Edgar F. Keiss, their said applications for a change of venue from the county,

which change of venue shall include the entire cause; and the said Muselman as such judge is directed to expunge from the record of said court all orders and entries made in said cause by him since the filing of the application for said change of venue, and the alternate writ heretofore issued is made absolute.

NOTE.—Reported in 91 N. E. 2d 646.