CALEB J. EMERY, Administrator, *vs.* JOHN HILDRETH.

The regularity and sufficiency of the appointment of an administrator, by a probate court having jurisdiction to appoint one on the estate, cannot be drawn in question in an action, brought by the administrator against a stranger, to recover a debt due to the intestate.

DEBT on a judgment rendered by the circuit court of St. Louis against the defendant, an inhabitant of this county, in favor of Erastus Tracy, the plaintiff's intestate, late of St. Louis. Plea, the general issue, with a specification of defence denying the regularity and sufficiency of the appointment of the plaintiff as administrator of Tracy.

At the trial in the court of common pleas, the plaintiff, in order to prove his appointment, gave in evidence his application to the judge of probate for this county, of which the following is a copy: " The memorial of Caleb J. Emery of Nashua, in the county of Hillsborough and State of New Hampshire, gentleman, respectfully represents that Erastus Tracy, trader, who last dwelt in St. Louis in the State of Missouri, within twelve months last died intestate, possessed of goods and estate

remaining to be administered in the county of Middlesex and Commonwealth of Massachusetts; that said Tracy, at the time of his decease, left no widow and no next of kin in this country, nor any creditor within this commonwealth ; that the said memorialist is interested in a judgment in favor of said Tracy, against one John Hildreth, a citizen of and resident in said county of Middlesex ; that the said memorialist is ready to give bond, with sufficient sureties, for the due performance of said trust. Wherefore your memorialist prays that he may be appointed administrator in manner and form as the law in such case provides." The plaintiff also gave in evidence the order of the judge of probate on this memorial ; stating that it appeared to him " that the declarations therein contained are true, and that the memorialist is a suitable person to be appointed to the said office of administrator of Erastus Tracy, and is eligible thereto," and appointing him " administrator of said Tracy : " Also the letters of administration, addressed by the judge of probate to the plaintiff, appointing him " to be administrator of the estate of Erastus Tracy, late of St. Louis in the State of Missouri, trader, deceased, intestate, who had at the time of his death estate within said county of Middlesex to be administered."

There was evidence tending to show that Tracy never was an inhabitant of this commonwealth ; that he had no property here except the debt in suit ; that the plaintiff had never resided in this commonwealth ; and that no administration or similar probate proceedings had been taken out, in St. Louis or elsewhere, upon Tracy's estate. And it did not appear that Tracy left any heirs at law or widow or creditors, either within this commonwealth or elsewhere.

The defendant objected to the jurisdiction of the probate court in the case, and to the regularity and sufficiency of the appointment of the plaintiff, on the following grounds : 1st. That as Tracy died intestate, leaving no heirs in this commonwealth, his estate could only be administered upon by a public administrator, pursuant to *Sts.* 1839, *c.* 142, and 1840, *c.* 40 ; 2d. That the memorial, stating that he " left no widow and no

next of kin in this country," and containing no averment as to his residence except that he " last dwelt in St. Louis," showed him to be an alien, and therefore, by Rev. Sts. *c.* 64, § 4, administration should have been granted to the consul or vice consul; 3d. That it did not appear by the memorial, and could not be presumed until after twenty years, according to Rev. Sts. *c.* 83, § 13, that thirty days had expired since the death of Tracy, and that an appointment within the thirty days, without notice to next of kin and creditors, was void, as held in *Cobb* v. *Newcomb*, 19 Pick. 336; 4th. That it did not appear but that there were creditors out of the Commonwealth entitled to administration, who at least should have had notice of the memorial of a stranger; 5th. That as there was no citation or notice, the next of kin and creditors, if any, had no opportunity to appeal; 6th. That the appointment was of an " administrator of Tracy," and not of an administrator upon the estate of Tracy; 7th. That there was no administration where the deceased last dwelt, to which this administration could be ancillary.

But *Hoar*, J. ruled " that the sufficiency of the doings of the probate court in this behalf could not be drawn in question in this suit." A verdict was returned for the plaintiff, and the defendant alleged exceptions to this ruling.

*B. F. Butler*, for the defendant, to the points that the regularity and sufficiency of the plaintiff's appointment, being raised by the specification of defence, could be properly drawn in question in this action, and that if the appointment was not void on its face, evidence was admissible to prove it to be so, cited Rev. Sts. *c.* 83, §§ 12, 13; 1 Chit. Pl. (6th Amer. ed.) 525; 1 Saund. 274, *note; Langdon* v. *Potter*, 11 Mass. 313; *Holyoke* v. *Haskins*, 5 Pick. 20, and 9 Pick. 259; *Sigourney* v. *Sibley*, 21 Pick. 101; *Wales* v. *Willard*, 2 Mass. 120; *Flinn* v. *Chase*, 4 Denio, 85; *Lawson* v. *Crutchfield*, 2 Eng. 48; *Sanford* v. *Hayes*, 19 Conn. 591.

*J. G. Abbott*, for the plaintiff.

THOMAS, J. There was a debt due to the deceased in the county of Middlesex. Such debt was estate to be administered within this state. The probate court of the county of Middlesex had power to appoint an administrator of the estate of the

deceased within this commonwealth. Rev. Sts. *c.* 64, § 3.
*Picquet, appellant,* 5 Pick. 66. *Harrington* v. *Brown,* 5 Pick.
519. The probate court therefore had jurisdiction of the sub-
ject. Having jurisdiction of the subject, the regularity of its
proceedings in the appointment of an administrator could not'
be drawn in question in this suit.

If the appointment was voidable, it could be avoided only
by those whose rights or interests had been affected by such
appointment. In the question, who was to be appointed ad-
ministrator of the estate of the deceased, the defendant had no
legal interest. He had no place in court. He could not have
objected to the appointment of the plaintiff in the court of
probate, and *a fortiori* cannot now. His rights are not preju-
diced by the appointment of a wrong person ; because payment
of his debt to such person, before reversal of the decree of
appointment, would be a full protection to him ; and because a
judgment in a suit by such administrator would be a bar to a
suit for such debt by any administrator subsequently appointed.
It is indeed a legal consequence of the exclusive jurisdiction of
the probate courts in the granting of administration, that their
decrees, made in the exercise of such jurisdiction, shall be
conclusive evidence of the right determined. Com. Dig. Admin-
istrator, B. 9. *Allen* v. *Dundas,* 3 T. R. 125. 1 Williams on
Executors, (4th ed.) 450. The limitation is to be observed; it
is to decrees made in the exercise of their jurisdiction. In the
cases of *Sigourney* v. *Sibley,* 21 Pick. 101, and 22 Pick. 507, and
*Holyoke* v. *Haskins,* 5 Pick. 20, and 9 Pick. 259, the probate
court had no jurisdiction of the subject.

In this suit then, and as between these parties, the decree of
the probate court, in the appointment of the plaintiff, cannot be
drawn in question.

It is not necessary to decide whether, if the defendant had
been one of the parties entitled under the statute to administra-
tion, and had had no notice of the proceedings in the probate
court, he could avail himself of such want of notice, in an
action at common law by the administrator. It would seem
however that, where the probate court had jurisdiction of the

subject matter, the validity of its action could be tried only in the probate court, or in this court sitting as the supreme court of probate.

Nor have we found it necessary to consider in detail the objections made to the appointment. The ruling of the judge was, " that the sufficiency of the doings of the probate court could not be drawn in question in this suit." If the question were open, it is not easy to see upon which of the objections suggested by the defendant this decree could be avoided.

*Exceptions overruled.*