Tron et al. *v.* Yohn, Administratrix.

[No. 17,602. Filed March 31, 1896. Rehearing denied June 10, 1896.]

PRACTICE. — *Counter-claim.— Admissibility of Evidence under General Denial.—Foreclosure of Mortgage.*—In an action to foreclose a mortgage given for the purchase-money of real estate, evidence of the difference in quantity of the land as claimed to have been represented by grantor and that conveyed by her, is not admissible in defense of such action under general denial.

Tron *et al. v.* Yohn, Administratrix.

APPEAL AND ERROR.—*Assignment of Error.*—Answers to which demurrers have been sustained are not a part of the record and cannot be considered on appeal without assignment of error.

SAME.—*Record of Evidence.*—Where the longhand manuscript of the evidence is not verified by the certificate of the judge, and has but the authentication of the stenographer's signature, the same will not be considered on appeal.

From the Marion Circuit Court. *Affirmed.*

*Cropsey & Marshall,* for appellants.

*J. T. Lecklider,* for appellee.

HACKNEY, C. J.—The appellee, as administratrix of the estate of James C. Yohn, sold to the appellant Tron certain real estate, and took from him and his wife a purchase-money mortgage. To foreclose that mortgage this suit was instituted. The appellants answered in five paragraphs, the first of which was a general denial, and the remaining four sought to recoup from the agreed purchase-price a sum alleged to represent the difference in value of the land, in the quantity, as represented and sold by the appellee, and that actually conveyed. The trial court sustained the appellee's demurrer to the affirmative paragraphs of answer, and the cause proceeded to trial upon the complaint, a supplemental complaint, and the answer in denial, and a decree was rendered in favor of the appellee. The only assigned error is upon the action of the trial court in overruling the motion of the appellants for a new trial.

The question arising upon the argument of counsel for the appellants is as to the admissibility of certain evidence offered on behalf of the appellants, and rejected by the trial court. The rejected evidence would have tended to prove the difference in quantity of the land, as claimed to have been represented by the appellee and that conveyed by her. If the offered evi-

dence were in the record we are unable to observe its pertinency to the issue as made. Counsel do not advise us as to how such evidence could be admitted, on behalf of their client, under the general denial. The relief sought by the evidence was of an affirmative character, as much so as payment, set-off, settlement, accord and satisfaction, or account stated. It was in the nature of a counter-claim, which is defined by statute to be "Any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." R. S. 1894, section 353. The pleading, denominated a counter-claim, is in the nature of a complaint against the plaintiff. *Branham* v. *Johnson*, 62 Ind. 259; *Wills* v. *Browning*,. 96 Ind. 149; *Brower* v. *Nellis*, 6 Ind. App. 323; R. S. 1894, section 350.

Incidentally, there is some discussion by counsel of the facts pleaded in the affirmative answers, but the practice is well settled that we cannot consider the answers for any purpose. The court having sustained a demurrer to them, they went out of the record for all purposes, unless the appellants had seen proper to have brought them into the record, upon assignment of error, to question the ruling of the court in so sustaining said demurrer. It is the settled practice that a ruling not assigned as error in this court cannot be reviewed.

But, if the answers were in the record, or if the issue had been made in the lower court, there is more than a doubt that the evidence is not in the record, and that we cannot know, in a proper manner, that the evidence in question was offered and rejected. The transcript contains, in the order stated, the complaint, supplemental complaint, answer, demurrer, ruling upon demurrer, trial, and decree. Then follows

a motion for a new trial, consisting of eight reasons or causes. As a part of the fourth cause, is set out bodily what purports to be a longhand copy of the stenographic report of the evidence given and rejected. Following the motion is the ruling of the court upon the same, with an allowance of sixty days for filing bills of exceptions, and a prayer for an appeal to this court. Immediately following that entry is this statement: "And now, on the 26th day of March, 1895, and within the time given by the court, the said defendants tender this, their bill of exceptions, and pray that the same may be signed, sealed, and made a part of the record, which is accordingly done, this 26th day of March, 1895." This statement bears the signature of the trial judge.

If the longhand manuscript of the evidence is in the record, it is only by finding a place within the motion for a new trial. In that position it has but the authentication of the stenographer's signature, and is not verified by the certificate of the judge. The statement above quoted, while in the language usually employed in concluding a bill of exceptions, has no apparent connection with any other part of the proceedings, and from the transcript we are unable to discover the beginning, or caption, of what might be deemed a bill of exceptions. It is true, that the longhand manuscript begins with the usual words of a bill of exceptions, but to regard that as the beginning of the bill renders it necessary to go into the body of the motion for a new trial for a part of the bill, and include several, and exclude several of the causes for a new trial, and, having done so, add one or two orderbook entries before finding the conclusion of the bill. As to the filing of any bill of exceptions with the clerk, the record is silent. A bill of exceptions, to merit the attention of the court, should be capable of discovery

in the record, without requiring a search of the four corners of the transcript, and the gathering together of such fragments as might appear suitable to such bill, and without tearing asunder motions for a new trial, or other connected single documents or entries. *Etter* v. *Armstrong*, 46 Ind. 197; *Bement* v. *May*, 135 Ind. 664; *Morrison* v. *Morrison*, 144 Ind. 379; *Gray* v. *Singer, Admr.*, 137 Ind. 257.

The novelty here employed to lend confusion to the record and to disguise a possible bill of exceptions, surpasses anything we have met with in that line.

But if the question argued were properly before us, it may be suggested that, independently of the question of pleading, it would not commend itself to our very serious consideration, owing to the fact that a breach of warranty in an administrator's deed has rarely been regarded as one of the possibilities.

The judgment of the trial court, therefore, is affirmed.