## GREEN ENGINEERING COMPANY v. ROSINSKI.

[No. 8,061. Filed July 2, 1914. Rehearing denied December 9, 1914. Transfer denied January 20, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.*—A complaint charging that plaintiff was employed to perform a service that was not dangerous and was shortly after placed at dangerous work which was not embraced in his contract of employment, that he was inexperienced and had no notice or knowledge of the danger of such work and had no opportunity to inform himself of such danger, and that defendant had knowledge, etc., sufficiently stated a cause of action. p. 606.

2. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Complaint.—Want of Knowledge.*—In the absence of complaint made and a promise to repair, an employe accepting a working place provided for him must use his senses to ascertain the condition of the place and the dangers resulting therefrom, and assumes all the ordinary risks which are known to him and which are discoverable in the exercise of ordinary skill; but as a matter of pleading the allegation that the danger was unknown to plaintiff is sufficient to rebut the presumption of knowledge, both actual and constructive. p. 606.

3. MASTER AND SERVANT.—*Injuries to Servant.—Trial.—Verdict.—Answers to Interrogatories.*—Where the complaint charged that the proximate cause of plaintiff's injuries was the negligence of defendant in changing plaintiff's employment from a safe and simple work to a difficult and dangerous one not embraced in

his contract of employment, and in furnishing him an unsafe place to work, a verdict for plaintiff was overcome by the jury's answers to interrogatories showing that plaintiff was employed to do general excavating, and that the breaking of cement in a cistern, which he was doing when injured, was a part of that employment.   p. 608.

4.  MASTER AND SERVANT. — *Injuries to Servant. — Complaint. — Theory.—Answers to Interrogatories.*—Where the jury's answers to interrogatories are in conflict with the verdict for plaintiff upon the theory of defendant's negligence as charged in the complaint, the verdict can not be permitted to stand merely because answers relating to a fragment of such theory nullify each other or are such that they might be reconciled with the verdict. p. 608.

5.  MASTER AND SERVANT.—*Injuries to Servant.—Evidence.*—A verdict for plaintiff on a complaint charging negligence in transferring plaintiff from a safe to a dangerous employment and in not providing sufficient light for his place of work, is not sustained by the evidence which clearly shows that the work plaintiff was doing at the time of his injury was within the scope of his original employment, and does not show that the place was insufficiently lighted, and from which it appears that the injury was solely the result of a misunderstanding between plaintiff and a fellow servant.   p. 609.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Change of Employment.*—Where an employe is directed to work at a new, different and hazardous employment temporarily he is not charged with assumption of the risk during the time requisite to understand the hazards of such new employment. p. 609.

7.  MASTER AND SERVANT.—*Change of Employment.—Duty to Warn Servant.—Assumption of Risk.*—Where a servant is directed to work at a more hazardous employment than that embraced in his usual duties, it is the master's duty to warn him of the dangers and give him such instructions as will enable him to avoid injury, unless the peril and the means of avoiding it are apparent to the servant while performing the required service, in which event the servant assumes the risk.   p. 609.

From Delaware Circuit Court; *P. H. Elliott,* Special Judge.

Action by Gus Rosinski against the Green Engineering Company.   From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Silverburg, Bracken & Gray,* for appellant.

*Templer & Ogle* and *John McPhee,* for appellee.

IBACH, P. J.—Appellant was employed by the Muncie Electric Light Company to reconstruct its plant in the city of Muncie. In the performance of such work it employed appellee as a common laborer, and while engaged in his work he was injured by appellant's alleged negligence. This action was to recover damages for such injuries.

The averments of the amended complaint in one paragraph may be briefly stated as follows: Appellee was employed to dig and shovel about the plant of the Muncie Electric Light Company, which was being reconstructed by appellant, and was employed to do nothing else. The work which he was employed to perform was simple and free from danger. Afterward, appellant negligently set appellee to work at the dangerous employment of holding a drill while it was being struck with heavy sledges by other employes for the purpose of breaking up a concrete floor of a large cistern, a place which was improperly lighted. Appellee was inexperienced in said work at the time of the accident and he did not know or comprehend the amount and kind of light that would be necessary for such work in such a place, and from the time he was ordered by appellant to do such work in the cistern he did not have time before starting at such work to learn by the use of ordinary care and diligence on his part, how much light would be required to safely work at said drilling under all the circumstances and he did not know or comprehend at any time that it was dangerous to work in the cistern at said drilling without more light than was furnished, also while it was dark in the cistern at the time he was put to work at helping to drill at the bottom of the same, appellee's inexperience with said work and lack of knowledge of the proper conditions as to the amount of light necessary for those engaged in drilling in order to do the work with reasonable safety, led him to believe that he could engage in

said work with safety and the darkness was not such at said time or at other times sufficient to deter an ordinarily prudent man from obeying appellant's order to do said work at said time, and he did not know at any time that it was dangerous to engage in said work owing to said darkness, and he did not realize that it was dangerous until he was injured. Appellant knew that said cistern was not sufficiently lighted for drilling. It was practical to light the cistern with electric light, and appellant had, convenient to the cistern, plenty of electric lights which it could have furnished to appellee. Appellant ordered appellee to leave the place where he was engaged in digging and shoveling and ordered him to proceed with the work of drilling, well knowing the cistern was dangerous on account of insufficient light for drilling with safety, and knowing "that those wielding the sledges to strike the iron drill in the hands of the plaintiff were likely to strike plaintiff's person on account of not being able to see the signals given by the plaintiff to those using the sledges as to when to strike and not being able at all times to see when said drill was in proper position and plaintiff's hands were out of danger." On March 13, 1910, appellee was holding said drill in the usual and proper manner and the two other workmen were striking it with sledges, and said drill was driven through the bottom of the cistern and became fast, and while appellee was engaged in trying to loosen said drill with his hands in the proper way and in a careful and prudent manner, "one of the men striking said drill as aforesaid, not being able to see properly and believing that it was his turn to strike and not being able to see on account of said insufficient light in time to prevent said accident, that the plaintiff had his hands on the top of said drill trying to loosen the same, struck said drill and by the force of said blow drove the large iron head of said drill entirely through the right hand of the plaintiff at the center of his hand." A demur-

rer to this complaint was overruled, and appellant excepted. Issues were joined by an answer in general denial. Trial by jury resulted in a verdict for appellee for $5,000, and with the general verdict the jury returned answers to interrogatories. Over appellant's motion for judgment on such answers notwithstanding the general verdict, judgment was rendered for appellee on the verdict. Appellant's motion for a new trial was overruled, and appellant has assigned as error all of the above mentioned adverse rulings.

We have considered the complaint in its entirety, and have reached the conclusion that it states a cause of action. It evidently proceeds upon the theory that appellee was employed to perform a kind of service which was not dangerous and shortly thereafter he was changed to a dangerous work which was not embraced in his contract of employment. While it is well established that where there is no complaint made and no promise to repair and an employe accepts a working place provided for him, he is required to use his senses to ascertain the condition of such working place and the dangers resulting therefrom and he assumes all the ordinary risks of his employment which are known to him or which by the exercise of ordinary skill would have been discovered by him (*Pennsylvania Co.* v. *Ebaugh* [1899], 152 Ind. 531, 53 N. E. 763, and cases cited), yet as a matter of pleading the allegations that he did not know of such danger are sufficient to rebut not only actual knowledge, but constructive knowledge as well. *Baltimore, etc., R. Co.* v. *Roberts* (1903), 161 Ind. 1, 7, 67 N. E. 530, and cases cited; *Federal Cement Tile Co.* v. *Korff* (1912), 50 Ind. App. 608, 97 N. E. 185, and cases cited. The court did not err in overruling the demurrer to the amended complaint.

The next question discussed is the overruling of appellant's motion for judgment on the answers to the interrogatories. The interrogatories and answers are long, and it is sufficient to say that the jury by these answers found that

appellee at the time of his injury was fifty-nine years of age, of average eyesight, and an experienced laborer. It is then found that appellee was employed to assist in the work of excavating in and about the electric light plant and premises and that such work required the removal of the cement bottom from the cistern located on the premises of said plant, and that he was engaged in such work when injured. It is then found that there was an opening five feet wide and forty feet long in the top of such cistern and immediately over the place where he was working when injured, and there was no roof or covering over that part of the building where the cistern was located. Men named Clark and Jones worked with appellee in breaking the concrete for something more than eight hours before he was injured, and the conditions were the same in the cistern at the time appellee was injured as they were when he began to work. The position of the men wielding the sledges and appellee at the time of the accident was such that the blow from Clark's sledge drove the drill through the cement and then appellee in removing it placed his hand on the top of the drill, when Jones with his sledge struck appellee's hand. Immediately prior thereto appellee had looked and saw that Clark had ceased striking and his hammer was resting on the floor, and also saw Jones's hammer resting on the floor. He was placing his hand over the top of the drill just as Jones was in the act of striking the drill, with his hammer, and said hammer was within ten inches of the head of the drill when he placed his hand thereon, and Clark saw him so place his hand. Again it is found that it was highly dangerous to place his hand on top of the drill and that appellee knew it, also "that inexperience and surroundings" were the dangers about appellee's work of holding the drill of which he was ignorant before the time of his injury, and that "insufficient light and inexperience" were the dangers about appellee's work of which appellant had knowledge, but of which appellee did not know or comprehend. At the time appellee was directed

to do the particular work, he made no complaint, and did not ask that lights be furnished. There was not sufficient light in the cistern for the workmen to see the head of the drill, at the time appellee was injured. The workman Jones saw appellee place his hand on top of the drill. Jones did not know the drill had gone through the cement, and appellee did not signal to Jones that he was about to put his hand on top of the drill.

It is charged in the complaint that the proximate cause of appellee's injuries was the negligence of appellant in changing appellee's employment from a safe and simple work to a difficult and dangerous one and in furnishing him a place to work which was unsafe from insufficient lighting. The trial seems to have proceeded upon the theory that it was the combination of the acts of negligence which constituted the proximate cause of the injuries received, and upon such theory we have held the complaint sufficient to withstand the demurrer. By the answers to the interrogatories the jury finds that appellee was employed to do general excavating, and that the breaking up of the cement floor of the cistern, at which he was engaged when injured, was a part of that employment. Such findings are directly against the charge of the complaint that he was sent to do work for which he was not employed, and thus entirely contradict the one element of the specific charge of negligence that he was at the time of his injury engaged at work for which he had not been employed, for it is specifically found that the work at which he was then engaged was a part of his original employment. As to the place where he was required to work being insufficiently lighted, the answers are in such conflict and confusion that they nullify each other, so that we can not say that evidence would not have been admissible under the issues which would support the general verdict as to the element in the charge of negligence that appellee was sent to work in an insufficiently lighted place. This, of itself, how-

ever, will not aid appellee because if he is permitted to recover it must be upon the theory declared in his complaint and not a fragment thereof, about which the averments when standing alone do not state a cause of action. We are forced to conclude therefore, that the court erred in failing to sustain appellant's motion for judgment on the answers to the interrogatories.

It is also assigned as error that the verdict is not sustained by sufficient evidence. The evidence shows that the work at which appellee was engaged when injured, was work within the scope of his employment. It does not show that the place was insufficiently lighted. Appellee himself testified that he had worked at holding the drill for about eight hours immediately prior to the time of receiving his injuries. He saw and appreciated all the conditions which surrounded him. He knew the manner in which the drill was to be held by him while it was being struck by his fellow workmen. He knew that it was proper to break away a part of the floor and remove the drill when it had cut through the cement. He knew that if he placed his hand on top of the drill and it was struck by a sledge he would be injured. His own testimony shows that he was conscious of the fact that a mistake on his part or that of his fellow workmen, might result in injury and it appears from all the evidence that the injury was received not through any neglect of appellant as charged, but owing to a misunderstanding on the part of appellee and on the part of Jones who was wielding the sledge which struck him.

Again it is a rule of law, well understood, that an employe assumes all ordinary risks incident to his employment which are open and obvious. The rule of nonassumption of risk applies when the employe is directed to work at a new, different and hazardous employment temporarily and then he is freed from the assumption of risk only during such time as is nec-

essary for him to understand the hazards of his new employment. In the present case, if it might be said that the appellee was called upon to encounter additional dangers to those attached to the work at which he was previously engaged by being required to hold the drill in question, he will be presumed to have assumed the risks and dangers which were open and obvious to him while holding the drill for a period of eight hours prior to his injury and under conditions which were unchanged from those surrounding him at the first moment he engaged in such work, and this is especially true in view of his testimony that just prior to his injury he knew and understood all that any one could have known about the working place assigned to him. He was not a young and inexperienced minor, but an adult in full possession of his senses, with twenty years' experience at common labor, and the work he was doing when injured was merely common labor. The Supreme Court of this State, in considering a case where the employe was put to a service outside of his original employment, said: "One of the duties which the law casts upon the master is not to expose an inexperienced servant, whom he requires to perform a dangerous service, to such danger without giving him warning thereof. He is required to give such servant such instructions as will enable him to avoid the injury, unless while performing the required service both the peril and the means of avoiding it are apparent." *Republic Iron, etc., Co.* v. *Ohler* (1903), 161 Ind. 393, 402, 68 N. E. 901. To the same effect see *Jenney Electric, etc., Co.* v. *Murphy* (1888), 115 Ind. 566, 18 N. E. 30; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 162, 5 N. E. 187; *Ryan* v. *Armour* (1897), 166 Ill. 568, 47 N. E. 60. Applying the law as it is announced in these cases, and considering all the evidence introduced at the trial, we hold that the verdict in this case is not sustained by sufficient evidence, and is contrary to law, and the court erred in refusing to grant a new trial.

We would be authorized to direct a verdict for appellant

on the answers to interrogatories, but believe that justice would be best subserved by granting a new trial.

Judgment reversed, with directions to the trial court to sustain appellant's motion for new trial.

NOTE.—Reported in 105 N. E. 938. As to duty of master to furnish safe means .and appliances for servant to work with, see 92 Am. Dec. 213; 21 Am. Rep. 579. As to when risks of work outside scope of employment are deemed to be assumed, see 48 L. R. A. 803. As to servant's assumption of risk in attempting dangerous work in obedience to orders without fully appreciating danger, see 4 L. R. A. (N. S.) 838. As to servant's asumption of risk from latent danger or defect, see 17 L. R. A. (N. S.) 76. As to master's duty to instruct servant as to risks from changed condition of instrumentalities or place of work, see 44 L. R. A. 45.