## ROSS, RECEIVER, v. MAY.

[No. 11,563.   Filed June 26, 1923.]

1. **MASTER AND SERVANT.**—*Injuries to Servant.—Complaint.—Sufficiency.—Federal Employers' Liability Act.—Assumption of Risk.*—In a railroad employe's action against a railroad company for injuries caused by a telegraph pole rolling off a hand-car, a complaint drawn under the federal Employers' Liability Act (§§8657-8665 U. S. Comp. Stat. 1918), alleging that plaintiff had theretofore never "transported a telegraph pole or similar pole upon a hand-car, and was ignorant of the danger in carrying or handling said pole upon said hand-car," *held* not demurrable as failing to show nonassumption of risk. p. 241.

2. **MASTER AND SERVANT.**—*Injuries to Servant.—Instructions.—Assumption of Risk.*—In a railroad employe's action against a railroad company for personal injuries, where one paragraph of the complaint was drawn under the federal Employers' Liability Act (§§8657-8665 U. S. Comp. Stat. 1918), an instruction that the "plaintiff assumed the risk of general service in which he was engaged, but not those which were not reasonably and fairly incident thereto," *held* erroneous for failure to conclude the instruction with a clause "unless such risks were known and appreciated by him." p. 242.

3. **MASTER AND SERVANT.**—*Injuries to Servant.—Instructions.—Assumption of Risk.*—In a railroad employe's action for personal injuries in which the complaint was drawn under the federal Employers' Liability Act (§§8657-8665 U. S. Comp. Stat. 1918), a requested instruction on the question of assumption of risk, which ignored the fact that such doctrine was not applicable where the employe sustains an injury while in obedience to a direct command or specific order, unless the danger is so great and imminent that a reasonably prudent person would not assume it, and which omitted to state that an appreciation of danger is an essential to the assumption of risk, where it is not an ordinary incident of the service, *held* properly refused. p. 243.

From Adams Circuit Court; *R. H. Hartford,* Special Judge.

Action by Nelson May against Walter L. Ross, receiver of the Toledo, St. Louis and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Van Brunt & Harker* and *Brown, Geddes, Schmettau & Williams,* for appellant.

*Fruchte & Litterer* and *Moran & Gillespie,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages sustained on account of personal injuries, alleged to have been received by reason of the latter's negligence. The complaint was originally in one paragraph, apparently drawn under the Employers' Liability Act of this state. §8020a Burns 1914, Acts 1911 p. 145. Later a second paragraph, drawn under the federal Employers' Liability Act, (§§8657-8665 U. S. Comp. Stat. 1918) was filed, designated as second paragraph of amended complaint. A demurrer was overruled to the latter paragraph. Issues were joined on each paragraph by general denials. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this appeal followed.

Appellant contends that the court erred in overruling his demurrer to said second paragraph of amended complaint. He bases this contention on a claim

1. that said paragraph, being under the federal Employers' Liability Act, *supra,* is based on facts to which the doctrine of assumption of risk is applicable as a defense, and asserts that there is not only a failure to show that the injury in question did not result from such a risk, but a positive showing that it did so result. We cannot concur in this contention. The injury involved in this action is alleged to have been caused by a telegraph pole rolling off a hand car, while it was being transported slowly along appellant's railroad track. It is alleged that appellee had assisted in loading said pole, and at the time of his injury was

VOL. 80—16

helping to move said car so loaded along said track, when the pole turned and rolled, and by reason thereof he was thrown in front of said car and thereby injured. It is further alleged that appellee had never, theretofore "transported a telegraph pole or similar pole upon a hand car, and was ignorant of the danger in carrying or handling said pole upon said hand car." The allegation quoted, in the absence of facts showing the contrary, is sufficient to meet appellant's contention. *Tennis Co.* v. *Davis* (1910), 46 Ind. App. 436, 92 N. E. 986; *Federal, etc., Co.* v. *Korff* (1912), 50 Ind. App. 608, 97 N. E. 185; *Mesker* v. *Bishop* (1913), 56 Ind. App. 455, 103 N. E. 492, 105 N. E. 644; *Green, etc., Co.* v. *Rosinski* (1914), 57 Ind. App. 605, 105 N. E. 938.

Appellant predicates error on the action of the court in giving certain instructions, among which is No. 13, reading as follows: "The plaintiff assumed the risk of general service in which he was engaged, *but not those which were not reasonably and fairly incident thereto.*" (Our italics.) Since the second paragraph of amended complaint is drawn under the federal Employers' Liability Act, *supra*, and is based on facts that render the doctrine of assumption of risk applicable, an instruction on that question was proper. *Pennsylvania Co.* v. *Stalker, Admx.* (1918), 67 Ind. App. 329, 119 N. E. 163. In considering this instruction it should be borne in mind, that in all cases where the doctrine of assumed risk is applicable, the employe assumes two classes of risks, viz.: (1) those ordinarily incident to the service in which he is engaged; and (2) those unusual perils, not ordinarily incident to such service, but which are known and appreciated by him. *Chicago, etc., R. Co.* v. *Wagner, Admr.* (1896), 17 Ind. App. 22, 45 N. E. 76, 1121; *Barley* v. *Southern, etc., R. Co.* (1903), 30 Ind. App. 406, 66 N. E. 72; *Evansville Gas, etc., Co.* v. *Raley*

(1905), 38 Ind. App. 342, 76 N. E. 548, 78 N. E. 254; *Indianapolis Traction, etc., Co.* v. *Holtsclaw* (1907), 41 Ind. App. 520, 82 N. E. 986; *Indianapolis Telephone Co.* v. *Sproul* (1910), 49 Ind. App. 613, 93 N. E. 463; *Jenney, etc., Co.* v. *Flannery* (1912), 53 Ind. App. 397, 98 N. E. 424; *Bennett* v. *Evansville, etc., R. Co.* (1911), 177 Ind. 463, 96 N. E. 700, 40 L. R. A. (N. S.) 963. The instruction quoted clearly excludes the latter class of risks. To have made it state the law correctly, it should have contained the following as a concluding clause, "unless such risks were known and appreciated by him." This was the only instruction given in which there was any attempt to define assumption of risk, and hence the jury was not fairly instructed on this important phase of appellant's defense. Appellee seeks to justify this instruction on the ground that the evidence shows that the danger, which resulted in appellee's injury, was not open and obvious, and on the further ground that appellee received his injuries by reason of his obedience to the specific order and direction of his superior. He asserts that by reason of these facts, the risk from such danger was not assumed, and hence it would not have been proper for the court to instruct the jury with reference to the assumption of open and obvious risks, not incident to the employment. It suffices to say in answer to this contention, that, to sustain the same, we would be compelled to assume facts which it was the province of the jury to determine.

Appellant also predicates error on the action of the court in refusing to give certain requested instructions on the question of assumed risk. An examination of these instructions discloses, that all ignore the fact that the doctrine of assumption of risk is not applicable, where an employe sustains an injury while in obedience to a direct command or specific order, unless the danger is so great and imminent

that a reasonably prudent person would not assume it. *Vandalia R. Co.* v. *Kendall* (1918), 68 Ind. App. 1, 119 N. E. 816. Some also omit to state clearly, that an appreciation of danger is an essential to the assumption of risk, where it is not an ordinary incident of the service. There was no reversible error in refusing to give any one of said instructions. For the reasons stated the court erred in overruling appellant's motion for a new trial. Judgment reversed with instructions to sustain said motion, and for further proceedings consistent with this opinion.